Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4689 | **DATE** | 3/29/2001 |
| **CASE TITLE** | Charles Thomas vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [38] is granted in part and denied in part. Counts III and IV of the complaint are dismissed. Defendant City of Chicago must answer the remaining counts by 4/30/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 30 2001 | |
| | Notified counsel by telephone. | | MAR 3 0 2001 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 4/5 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/29/2001 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 C 4689 |
| ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Defendant City of Chicago ("the City") presently moves to dismiss plaintiff's amended four count *pro se* complaint pursuant to Federal Rule of Civil procedure 12(b)(6) or, alternatively, strike counts II through IV pursuant to Federal Rule of Civil procedure 12(f). For the reasons articulated below, the court dismisses counts III and IV and denies the City's motion for counts I and II.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*,

176 F.3d 971, 977 (7th Cir. 1999); *Zemke* v. *City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996). With regard to Federal Rule of Civil Procedure 12(f), that rule provides that "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The court generally disfavors motions to strike. *WTM, Inc.* v. Henneck, 125 F. Supp. 2d 864, 869 (N.D. Ill. 2000).

## BACKGROUND

Title 13 of the Municipal Code of Chicago (the "Ordinance") prohibits the use of burglar bars that prevent egress from a residence.[1] Plaintiff, an African American, is a tenant in a Chicago apartment building cited for violating this Ordinance. On July 20, 1999, plaintiff filed this lawsuit alleging that the City violated his equal protection rights because the City does not equally enforce the Ordinance on all races in Chicago. On January 20, 2000, Judge Norgle granted the City's Motion to Dismiss because plaintiff had failed to allege sufficient facts to support a claim of race discrimination. Plaintiff was granted leave to amend and filed the amended complaint presently before this court on March 9, 2000.

Plaintiff's amended complaint contains four separate "issues," which this court will refer to as "counts." Count I alleges that the City's "burglar bar" ordinance violates his equal protection rights because it is only enforced against "certain people." Specifically, plaintiff alleges that the City does not enforce the ordinance against residents of the Bridgeport area. Count I also repeatedly alleges that the City cannot produce evidence showing that it informed its residents of the burglar bar ordinance or that it asked merchants to restrict the sales of burglar bars to the City's residents. Count II alleges that plaintiff received a parking ticket on September

---

[1] *See* §§ 13-160-010, 13-160-260, 13-196-050, and 13-200-330

21, 1999 in retaliation for filing this instant lawsuit. Count III alleges that the City of Chicago refuses to allow African Americans to live in Chicago's Bridgeport neighborhood in violation of the Fair Housing Act and Civil Rights law. Count IV alleges that plaintiff was denied due process in connection with plaintiff's 1996 arrest for solicitation of a prostitute.

## DISCUSSION

**Count I: Equal Protection**

In count I, plaintiff alleges that the Ordinance is enforced differently on the basis of race, violating his equal protection rights. (Am. Compl. at 2.) In particular, plaintiff claims that the City cannot prove that it has enforced the Ordinance in Bridgeport, a predominantly white neighborhood. (*Id.*) Plaintiff also alleges that the City should have provided some form of notice of this Ordinance to merchants who sell burglar bars and to city residents. (*Id.* at 2-3.)

This case bears a striking resemblance to *Anderson v. City of Chicago*, 90 F. Supp. 2d 926 (N.D. Ill. 1999), where the district court found that a *pro se* plaintiff had pled an equal protection claim when he alleged that the City of Chicago selectively enforced a city ordinance against him because of his race. The court stated, "[b]ecause it is possible that Anderson could prove that the City singled out his property for citation because of his race, thus engaging in a form of selective prosecution in violation of the equal protection clause, we will not dismiss his equal protection claim at this time." *Id.* at 928. Like the plaintiff in *Anderson*, plaintiff here alleges that the City selectively enforced the Ordinance based on race and, therefore, has stated an equal protection claim.[2]

---

[2]The court rejects the City's argument that plaintiff abandoned race in his amended complaint. Plaintiffs complaint, which must be liberally construed, see *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), alleges that the ordinance is not enforced in the Bridgeport area, which is alleged to be a

3

**Count II: Retaliation**

In count II, plaintiff alleged that he received a parking ticket on September 21, 1999 from Chicago police officers because his car was blocking an intersection near his residence. (Am. Compl. at 3.) Plaintiff claims that the ticket was given in retaliation for this lawsuit. (*Id.*)[3] Plaintiff alleges that one of the officers said, " I am here to change things." (*Id.*) Plaintiff added that he continued to park in the same area after complaining to the City's attorney in this matter and received no additional tickets. (*Id.*)

Count II of plaintiff's complaint bears a striking resemblance to plaintiff's 1995 lawsuit against the City, where he alleged that in retaliation for complaining to Mayor Daley that the police never responded to his call that his home was burglarized, the City issued him three parking tickets. *See Thomas* v. *City of Chicago*, No. 95 C 5589, 1996 WL 422275 (N.D. Ill. July 24, 1996). In that case, the court held that plaintiff had failed to state a claim for retaliation for exercising his First Amendment rights because plaintiff failed to allege that his letter to the Mayor touched on matters of public concern. *See Lashbrook* v. *Oerkfitz*, 65 F.3d 1339, 1349 (7th

---

predominantly white neighborhood. Plaintiff further alleged that African Americans are not allowed to live in the Bridgeport area. As such, the court infers that when plaintiff states that the City enforces the Ordinance upon "certain people," plaintiff means African-Americans or some other minority class. The court also rejects the City's half-hearted footnoted argument, without any citation to supporting authority, that plaintiff lacks standing to bring an equal protection claim. First, "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing it is sound despite a lack of supporting authority forfeits the point." *Mathis* v. *New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (internal quotations and citations omitted). Second, despite the fact that the City actually enforced the Ordinance against plaintiff's landlord, who then removed plaintiff's burglar bars, it appears that plaintiff has alleged the requisite facts to support standing –namely, (1) that he has suffered an injury in fact (2) that is fairly traceable to the action of the defendant and (3) that will likely be redressed with a favorable decision. *See Friends of the Earth, Inc.* v. *Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000).

[3]Although not alleged in plaintiff's complaint, the docket reveals that the City was served with plaintiff's lawsuit on August 27, 1999, and it's attorney's filed an appearance in this case on September 17, 1999. Hence, the City was, technically at least, aware of plaintiff's lawsuit on the date plaintiff received the parking ticket.

4

Cir. 1995) ("In order to state a claim for retaliation for exercising first amendment rights by petitioning the government for redress, a plaintiff must allege that the petition touched upon matters of public concern.") The district court explained that plaintiff "complained to the Mayor only of his private dispute with the City, and was not engaged in an effort at whistleblowing or otherwise going public with matters of public concern." *Id.* at *2.

Although plaintiff complains here that the City issued the ticket parking ticket in retaliation for his lawsuit against the City, and not for any letter writing campaign, "[r]etaliation for filing a lawsuit is prohibited by the First Amendment's protection of free speech, not some concept of an independent right of access to courts." *Zorzi v. County of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994). Unlike plaintiff's letter to the Mayor, however, plaintiff's present lawsuit complains about allegedly unconstitutional behavior and, therefore, does touch on matters of public concern. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 193 (7th Cir. 1996) ("Glatt's suit, however, since it complains of allegedly unconstitutional behavior by public officials, could well be regarded as a form of such petition, and so a claim of retaliation would be actionable in a suit under the Constitution."). Count II, therefore, states a claim upon which relief may be granted.

### Count III: Fair Housing Act Civil Rights law

In Count III, plaintiff alleges violations of the Fair Housing Act and Civil Rights law because the City refuses to allow African Americans to reside in Bridgeport and refuses to allow African American police officers to patrol Bridgeport. (Am. Compl. at 4.) The "'sole requirement for standing to sue under [the Fair Housing Act] is the Art. III minima of injury in fact: that the plaintiff allege that as a result of defendant's actions he has suffered a "distinct and palpable injury," *Warth v. Seldin*, 422 U.S. 490, 501 (1975).'" *Kyles v. J.K. Guardian Security*

*Servs., Inc.*, 222 F.3d 289, 296 (7th Cir. 2000) (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91 (1979)) (alteration in the original). This court cannot infer from plaintiff's complaint, even under the most liberal pleading standards, that plaintiff suffered a distinct and palpable injury, as plaintiff never alleges that he ever attempted to live in the Bridgeport area or what effect the race of patrolling officers in an area where plaintiff does not live has on plaintiff. As such, plaintiff lacks standing to sue under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. Moreover, since plaintiff cannot meet the Article III minima for standing, he is precluded from suing under any other civil rights law. Count III, therefore, warrants dismissal.

**Count IV: Due Process**

In Count IV, plaintiff claims he was denied a fair and sufficient hearing and the opportunity to question an arresting officer in connection with his March or April 1996 arrest for solicitation of a prostitute. (Am. Compl. at 5.) Plaintiff also maintains that his car was improperly taken away from him as a result of this arrest. (*Id.*) Plaintiff apparently brings his claim under 42 U.S.C. § 1983, which borrows the forum state's statute of limitations for personal injuries. *See Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir. 1988). Under Illinois law, personal injury litigants are subject to a two year statute of limitations. *See* 735 ILCS 5/13-202. As such, plaintiff's count IV claims are time-barred.

## **CONCLUSION**

For the above-stated reasons, the defendant's motion to dismiss [#38] is granted in part and denied in part. The court dismisses counts III and IV of plaintiff's complaint. The City must answer the remaining counts by April 30, 2000.

Date: March 29, 2001      Enter: _____
                                 JOAN HUMPHREY LEFKOW
                                 United States District Judge